ELECTRONICALLY FILED - 2021 Nov 17 8:53 AM - DARLINGTON - COMMON PLEAS - CASE#2021CP1600891

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) <br> COUNTY OF DARLINGTON ) <br> ) <br> Tonya Harmon and Wendell Harmon, ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> CareSouth Carolina, Inc., Barbara Wright, ) <br> FNP, Pickens Moyd, Jr., M.D., and ) <br> Stephen L. Smith, M.D., ) <br> ) <br> Defendants. ) | IN THE COURT OF COMMON PLEAS <br> FOURTH JUDICIAL CIRCUIT <br><br> Civil Action No.: 2021-CP-16-00891 <br><br><br> **SUMMONS** <br> (*Jury Trial Demanded*) |

YOU ARE HEREBY SUMMONED and required to answer the Amended Complaint in this action, of which a copy is herewith served upon you, and to serve a copy of your Answer to said Amended Complaint on the subscribed at 924 Gervais Street, Columbia, South Carolina, 29201, and P.O. Box 995, Bennettsville, SC 29512, within thirty (30) days after the service hereof, exclusive of the date of such service. If you fail to answer the Amended Complaint within the time aforesaid, judgment by default will be rendered against you for the relief demanded in the Amended Complaint.

This day, November 18, 2021.

s/ *Francis M. Hinson, IV*
Francis M. Hinson, IV (SC Bar # 74917)
Carl D. Hiller (SC Bar # 101242)
HHP LAW GROUP, LLC
924 Gervais Street
Columbia, SC 29201
T: 803-400-8277
E: brink@hhplawgroup.com
E: carl@hhplawgroup.com
*Attorneys for Plaintiff Tonya Harmon*

s/ *J. Michael Baxley*
Douglas Jennings, Esq. (SC Bar # 2987)
J. Michael Baxley (SC Bar # 591)
DOUGLAS JENNINGS LAW FIRM, LLC
P.O. Box 995
Bennettsville, SC 29512
T: 843-479-2865
E: doug@jenningslawoffice.com
E: mike@jenningslawoffice.com
*Attorneys for Plaintiff Wendell Harmon*

ELECTRONICALLY FILED - 2021 Nov 17 8:53 AM - DARLINGTON - COMMON PLEAS - CASE#2021CP1600891

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br>COUNTY OF DARLINGTON<br><br>Tonya Harmon and Wendell Harmon,<br><br>Plaintiffs,<br><br>vs.<br><br>CareSouth Carolina, Inc., Barbara Wright, FNP, Pickens Moyd, Jr., M.D., and Stephen L. Smith, M.D.,<br><br>Defendants. | IN THE COURT OF COMMON PLEAS<br>FOURTH JUDICIAL CIRCUIT<br><br>Civil Action No.: 2021-CP-16-00891<br><br><br>**AMENDED COMPLAINT**<br>(*Jury Trial Demanded*) |

The Plaintiffs, complaining of the above-named Defendants, would respectfully show:

## THE PARTIES, JURISDICTION, VENUE, AND APPLICABLE LAW

1. Plaintiff Tonya Harmon is a citizen and resident of Marlboro County, South Carolina.

2. Plaintiff Wendell Harmon is a citizen and resident of Marlboro County, South Carolina. Presently and at all times relevant to this action, Wendell Harmon is and was the lawful spouse of Tonya Harmon.

3. CareSouth Carolina, Inc. ("CareSouth") is a corporation formed and operating in Darlington County, South Carolina. Upon information and belief, at all times material hereto, CareSouth was the owner and operator of a medical facility located at 737 S Main St, Society Hill, SC 29593 ("the Facility") in Darlington County, South Carolina.

4. Barbara Wright, FNP ("Wright") is, upon information and belief, a citizen and resident of South Carolina.

5. Pickens Moyd, Jr., M.D. ("Moyd") is, upon information and belief, a citizen and resident of South Carolina.

6. Stephen L. Smith, M.D. ("Smith") is, upon information and belief, a citizen and resident of South Carolina.

1

ELECTRONICALLY FILED - 2021 Nov 17 8:53 AM - DARLINGTON - COMMON PLEAS - CASE#2021CP1600891

7.  Upon information and belief, Moyd and Smith were the physicians with a duty to manage, supervise, and/or direct the licensed nurse practitioners at CareSouth (including Wright), as well as CareSouth's administrative staff.

8.  At all relevant times, Wright, Moyd, Smith, and the administrative staff working at CareSouth were the employees, agents, and/or servants of CareSouth. Under the doctrines of *respondeat superior*, apparent authority, agency, ostensible agency, and/or non-delegable duty, CareSouth is liable for the negligent acts and omissions of its employees, agents and/or servants, including, but not limited to, Wright, Moyd, and Smith and the other individuals working at CareSouth. *See Lane v. Modern Music, Inc.*, 244 S.C. 299, 304, 136 S.E.2d 713, 716 (1964); *Simmons v. Tuomey Reg'l. Med. Ctr.*, 341 S.C. 32, 533 S.E.2d 312 (2000).

9.  Upon information and belief, Defendants committed tortious acts within the territorial boundaries of Darlington County, South Carolina.

10. This Court has jurisdiction over Defendants.

11. Venue is proper in Darlington County because a substantial part of the acts and/or omissions occurred within Darlington County and/or one or more of the individual Defendants reside in Darlington County and/or have their primary place of business in Darlington County

12. The negligent acts and omissions complained of herein do not sound in medical malpractice but involve nonmedical, administrative, ministerial, and/or routine care, and thus this action sounds in ordinary negligence. *See Dawkins v. Union Hosp.*, 408 S.C. 171, 758 S.E.2d 501 (2014). As such, S.C. Code § 15-36-100, S.C. Code § 15-79-125, and the provisions of the Federal Tort Claims Act are inapplicable to this action.

13. Under South Carolina law, a husband whose wife suffers injury due to the negligence of another has the right to bring an action for loss of consortium, which is separate and independent claim. *See* Preer v. Mims, 323 S.C. 516, 521, 476 S.E.2d 472, 474-75 (1996).

2

ELECTRONICALLY FILED - 2021 Nov 17 8:53 AM - DARLINGTON - COMMON PLEAS - CASE#2021CP1600891

**FACTS COMMON TO ALL CAUSES OF ACTION**

14. In December 2016, Mrs. Harmon first reported to Defendants that she was experiencing abdominal pain among other issues. In response, Defendants ordered multiple imaging studies which were performed in December 2016 and January 2017.

15. In the written reports for these imaging studies, the reviewing radiologists, noted the finding of a small lesion (19mm or 2.2cm x 3cm) in Mrs. Harmon's liver and suggested that an MRI with contrast be performed.

16. Upon information and belief, Defendants failed to order additional imaging or further evaluate the lesion. Further, Defendants failed to provide Mrs. Harmon with these imaging studies, never communicated the reviewing radiologists' findings to Mrs. Harmon, and/or never communicated to Mrs. Harmon the possibility that there was a malignant lesion on her liver. These failures were proximately caused by CareSouth, Moyd, and Smith's failure to educate, train, manage, supervise, and/or direct Wright and/or their administrative staff.

17. Mrs. Harmon was informed by the Defendants that her abdominal pain was a result of gallstones and was never informed of the lesion in her liver.

18. The lesion in Mrs. Harmon's liver was malignant (a cholangiocarcinoma), and as a result of communication failures by the Defendants and/or as a result of a failure to train, manage and/or supervise Wright by Defendants CareSouth, Moyd, and Smith, the malignant liver tumor went undiagnosed and untreated for approximately three years.

19. As a direct and proximate result of the Defendants' negligent, grossly negligent, and reckless acts/omissions, the cancerous tumor was allowed to grow and spread substantially during the three years it went untreated, becoming approximately 13cm in diameter by the time it was diagnosed.

20. Because of the Defendants' negligent, grossly negligent, careless, reckless, and wanton conduct, the cancerous cells in Mrs. Harmon's liver were allowed to spread and grow for a

considerable amount of time, thus requiring different/greater treatment and significantly worsening her prognosis.

## FOR A FIRST CAUSE OF ACTION
## AGAINST ALL DEFENDANTS
### (Negligence/Gross Negligence/Recklessness)

21. Plaintiffs hereby incorporate by reference and reallege the paragraphs above as if repeated verbatim.

22. Defendants owed a duty of due care to Mrs. Harmon to timely provide her with the referenced radiology reports.

23. Upon information and belief, for the reasons set forth herein and further determined through discovery in this matter, the Defendants (and/or Defendants' administrative staff) were negligent, grossly negligent, reckless, careless, and wanton in failing to timely provide Mrs. Harmon with the above-referenced radiology reports.

24. Upon information and belief, for the reasons set forth herein and further determined through discovery in this matter, the Defendants (an/or Defendants' administrative staff) were negligent, grossly negligent, careless, reckless, and wanton in failing to communicate to Mrs. Harmon the above-referenced information contained within the radiology reports.

25. Upon information and belief, for the reasons set forth herein and further determined through discovery in this matter, the Defendants (an/or Defendants' administrative staff) were negligent, grossly negligent, careless, reckless, and wanton in failing to communicate to Mrs. Harmon the potential for the presence of a malignant lesion on her liver.

26. As a direct and proximate result of the Defendants' negligent, grossly negligent, reckless, careless, and wanton acts and omissions, the cancerous tumor was allowed to grow and spread

ELECTRONICALLY FILED - 2021 Nov 17 8:53 AM - DARLINGTON - COMMON PLEAS - CASE#2021CP1600891

4

substantially during the three years it went untreated, becoming approximately 13cm in size at the time it was diagnosed.

27. Because of the Defendants' negligent, grossly negligent, reckless, careless, and wanton conduct, the cancerous cells in Mrs. Harmons' liver were allowed to spread and grow for a considerable amount of time, thus requiring different care, greater treatment, and worsening her prognosis.

28. Due to the aforementioned injuries proximately caused by Defendants' negligent, grossly negligent, reckless, careless, and/or wanton conduct described above, Tonya Harmon is entitled to actual damages, consequential damages, and punitive damages from the Defendants in the amounts as a jury may determine.

**FOR A SECOND CAUSE OF ACTION**
**AGAINST DEFENDANTS CARESOUTH, MOYD, AND SMITH**
**(Negligent Training, Management, and/or Supervision)**

29. Plaintiffs hereby incorporate by reference and reallege the paragraphs above as if repeated verbatim.

30. CareSouth, Moyd, and Smith had a duty to ensure that the proper education, training, management, supervision, and/or direction of their nurse practitioners (including Wright).

31. Upon information and belief and as described above, CareSouth, Moyd, and Smith failed to properly educate and/or train Wright and failed to properly manage, supervise, and direct Wright. As a result, Wright was undereducated, undertrained, inadequately managed, supervised, and/or directed.

32. As a direct and proximate result of CareSouth, Moyd, and Smith's negligent, grossly negligent, careless, reckless, and wanton failure to ensure the proper education, training, management, supervision, and/or direction of their nurse practitioners (including Wright), Plaintiff

5

has suffered the injuries and damages set forth above and is entitled to compensation for such injuries and damages as set forth above.

## FOR A THIRD CAUSE OF ACTION
## AGAINST ALL DEFENDANTS
### (Loss of Consortium)

33. Plaintiff Wendell Harmon hereby incorporates by reference and realleges the paragraphs above as if repeated verbatim.

34. Tonya and Wendell Harmon are a legally married couple living together as husband and wife at their marital residence in the State of South Carolina.

35. As described in the paragraphs above, the Defendants, by and through their agents and servants, were negligent, grossly negligent, reckless, careless, and wanton as relates to the care and treatment of Mrs. Harmon.

36. As a result of Defendants' negligent, grossly negligent, careless, reckless, and wanton conduct as set forth above, Wendell Harmon is entitled to recover from Defendants the requested relief as set forth herein in accordance with S.C. Code § 15-75-20.

37. As a direct and proximate result of the injuries to his spouse, Wendell Harmon has suffered in the past and will continue in the future to suffer the following injuries and damages for which he is entitled to receive compensation: (a) loss of the aid of his spouse; (b) loss of society and companionship of his spouse; (c) loss of services of his spouse; (d) time spent providing various medical, therapeutic, and other ancillary health-related services for his spouse; (e) mental anguish; and (f) other damages as may be proven.

38. Due to the aforementioned injuries proximately caused by the negligent, grossly negligent, careless, reckless, and/or wanton conduct described above, Wendell Harmon (in his own right as

ELECTRONICALLY FILED - 2021 Nov 17 8:53 AM - DARLINGTON - COMMON PLEAS - CASE#2021CP1600891

Tonya Harmon's spouse) is entitled to actual damages, consequential damages, and punitive damages from the Defendants in the amounts as a jury may determine.

*** *IN THE ALTERNATIVE* *** [1]
### FOR A FOURTH CAUSE OF ACTION
### AGAINST ALL DEFENDANTS
(Wrongful Death)

39. Plaintiffs hereby incorporate by reference and reallege the paragraphs above as if repeated verbatim.

40. As described in the paragraphs above, the Defendants, individually, and by and through their agents and servants, were negligent, grossly negligent, reckless, and/or wanton, thereby proximately causing Tonya Harmon's death.

41. As a direct and proximate result of Tonya Harmon's death, her statutory beneficiaries, have and will suffer the following injuries and damages, for which they are entitled to compensation: (a) pecuniary loss; (b) grief; (c) shock; (d) sorrow; (e) wounded feelings; (f) loss of companionship and society; (g) the loss of Tonya Harmon's advice on family matters; and (h) other injuries and damages as may be proven.

42. Due to the aforementioned injuries proximately caused by Defendants' negligent, grossly negligent, careless, reckless, and/or wanton conduct described above, Tonya Harmon's statutory beneficiaries are entitled to actual damages, consequential damages, and punitive damages from the Defendants in the amounts as a jury may determine.

---

[1] Although Mrs. Harmon is currently living, it is anticipated that, more likely than not, she will die as a result of this cancer. Upon further information and belief, her death, more likely than not, will be a result of the Defendants' acts and omissions as set forth herein. If Mrs. Harmon does not succumb to cancer during the pendency of this case, this alternative cause action will not be pursued. However, if such death occurs during the pendency of this lawsuit, this alternative cause of action, for wrongful death pursuant to S.C. Code § 15-51-10, *et seq.*, should be deemed to apply.

ELECTRONICALLY FILED - 2021 Nov 17 8:53 AM - DARLINGTON - COMMON PLEAS - CASE#2021CP1600891

**RELIEF REQUESTED**

**WHEREFORE**, the Plaintiffs pray that the Court hold the Defendants liable for the conduct complained of herein; to enter judgment against the Defendants and in favor of the Plaintiffs; and to award actual damages, consequential damages, and punitive damages, and for other such relief as this Court deems just and equitable.

Respectfully submitted, this day, November 18, 2021.

s/ *Francis M. Hinson, IV*
Francis M. Hinson, IV (SC Bar # 74917)
Carl D. Hiller (SC Bar # 101242)
HHP LAW GROUP, LLC
924 Gervais Street
Columbia, SC 29201
T: 803-400-8277
E: brink@hhplawgroup.com
E: carl@hhplawgroup.com
*Attorneys for Plaintiff Tonya Harmon*

s/ *J. Michael Baxley*
Douglas Jennings, Esq. (SC Bar # 2987)
J. Michael Baxley (SC Bar # 591)
DOUGLAS JENNINGS LAW FIRM, LLC
P.O. Box 995
Bennettsville, SC 29512
T: 843-479-2865
E: doug@jenningslawoffice.com
E: mike@jenningslawoffice.com
*Attorneys for Plaintiff Wendell Harmon*

ELECTRONICALLY FILED - 2021 Nov 17 8:53 AM - DARLINGTON - COMMON PLEAS - CASE#2021CP1600891

8